United States Bankruptcy Court
Eastern District of Pennsylvania

In re:
Lois A. Bell
    Debtor

Case No. 12-12832-jkf
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2        User: admin        Page 1 of 2        Date Rcvd: Oct 27, 2017
                      Form ID: 3180W     Total Noticed: 13

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 29, 2017.
```
db             +Lois A. Bell,    1429 Astor Street,     Norristown, PA 19401-2958
12708736       +David B. Spitofsky, Esquire,    516 Swede Street,    Norristown, PA 19401-4807
12761570        Waste System Authority of Eastern Montgomery Count,    c/o Thomas D. Mason,    1430 DeKalb Street,
                 P.O.Box 311,    Norristown, PA 19404-0311
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: bankruptcy@phila.gov Oct 28 2017 01:27:21      City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Oct 28 2017 01:26:45
                 Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Oct 28 2017 01:27:07      U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
12713701        EDI: AIS.COM Oct 28 2017 01:23:00      American InfoSource LP as agent for,
                 T Mobile/T-Mobile USA Inc,    PO Box 248848,    Oklahoma City, OK  73124-8848
12751537        EDI: AIS.COM Oct 28 2017 01:23:00      American InfoSource LP as agent for,
                 InSolve Recovery, LLC,    PO Box 269093,    Oklahoma City, OK  73126-9093
12747673       +E-mail/Text: bankruptcy@cavps.com Oct 28 2017 01:27:03      Cavalry Portfolio Services, LLC,
                 500 Summit Lake Drive Suite 400,    Valhalla, NY 10595-2322
12708746        EDI: IRS.COM Oct 28 2017 01:23:00      Internal Revenue Service,    P.O. Box 7346,
                 Philadelphia, PA  19101-7346
12755856        EDI: JEFFERSONCAP.COM Oct 28 2017 01:23:00      Jefferson Capital Systems LLC,    PO BOX 7999,
                 SAINT CLOUD MN 56302-9617
12807465       +E-mail/Text: csc.bankruptcy@amwater.com Oct 28 2017 01:27:39      Pennsylvania American Water,
                 PO Box 578,    Alton, IL 62002-0578
12758559       +E-mail/Text: csidl@sbcglobal.net Oct 28 2017 01:27:06      Premier Bankcard/Charter,
                 P.O. Box 2208,    Vacaville, CA 95696-8208
                                                                                              TOTAL: 10

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
13100118       ##+Pooling and Servicing Agreement Bear St,    Serviced by Select Portfolio Servicing,,
                 3815 South West Temple,    Salt Lake City, UT 84115-4412
                                                                                   TOTALS: 0, * 0, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 29, 2017                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 26, 2017 at the address(es) listed below:
```
              CELINE P. DERKRIKORIAN    on behalf of Creditor    U.S. Bank, N.A., successor trustee to LaSalle
               Bank National Association ecfmail@mwc-law.com
              CELINE P. DERKRIKORIAN    on behalf of Creditor    U.S. Bank, N.A., successor trustee to LaSalle
               Bank National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I
               Trust 2005-HE8, Asset-Backed Certificates Series 2005-HE8 ecfmail@mwc-law.com
              DAVID B. SPITOFSKY    on behalf of Debtor Lois A. Bell spitofskybk@verizon.net,
               spitofskylaw@verizon.net
              FREDERICK L. REIGLE    ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com
              FREDERICK L. REIGLE    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
               ecf_frpa@trustee13.com
```

```
District/off: 0313-2          User: admin              Page 2 of 2                  Date Rcvd: Oct 27, 2017
                              Form ID: 3180W           Total Noticed: 13
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
          JOSHUA ISAAC GOLDMAN    on behalf of Creditor    Bank of America, National Association as successor
          by merger to LaSalle Bank National Association, as trustee for Certificateholders of Bear
          Stearns Asset Backed Securities I LLC, Asset-Backed Certifi bkgroup@kmllawgroup.com,
          bkgroup@kmllawgroup.com
          KEVIN T MCQUAIL    on behalf of Creditor    U.S.Bank National Association , as Trustee, successor
          in interest to Bank of America, National Association as Trustee as successor by merger to
          LaSalle Bank National Association, as trustee for Certif ecfmail@mwc-law.com
          KEVIN T MCQUAIL    on behalf of Creditor    Bank of America, National Association as successor by
          merger to LaSalle Bank National Association, as trustee for Certificateholders of Bear Stearns
          Asset Backed Securities I LLC, Asset-Backed Certifi ecfmail@mwc-law.com
          MARISA MYERS COHEN    on behalf of Creditor    Bank of America, National Association as successor
          by merger to LaSalle Bank National Association, as trustee for Certificateholders of Bear
          Stearns Asset Backed Securities I LLC, Asset-Backed Certifi mcohen@mwc-law.com
          MATTEO SAMUEL WEINER    on behalf of Creditor    U.S. Bank, N.A., successor trustee to LaSalle Bank
          National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust
          2005-HE8, Asset-Backed Certificates Series 2005-HE8 bkgroup@kmllawgroup.com
          MATTHEW CHRISTIAN WALDT    on behalf of Creditor    U.S. Bank, N.A., successor trustee to LaSalle
          Bank National Association mwaldt@milsteadlaw.com,    bkecf@milsteadlaw.com
          POLLY A. LANGDON    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
          ecf_frpa@trustee13.com
          REBECCA ANN SOLARZ    on behalf of Creditor    U.S. Bank, N.A., successor trustee to LaSalle Bank
          National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust
          2005-HE8, Asset-Backed Certificates Series 2005-HE8 bkgroup@kmllawgroup.com
          THOMAS I. PULEO    on behalf of Creditor    U.S. Bank, N.A., successor trustee to LaSalle Bank
          National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust
          2005-HE8, Asset-Backed Certificates Series 2005-HE8 tpuleo@kmllawgroup.com,
          bkgroup@kmllawgroup.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                                     TOTAL: 15

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Lois A. Bell** | Social Security number or ITIN **xxx−xx−6072** |
| | First Name   Middle Name   Last Name | EIN  _ _−_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _−_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **12−12832−jkf** | |

# Order of Discharge                                                                                                           12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Lois A. Bell

10/26/17                                                                          **By the court:**   Jean K. FitzSimon
                                                                                                                     United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**